IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMA JEAN FLOYD,**

        Plaintiff,

                                Case No. 2:15-cv-2765
  v.                            Judge Sargus
                                Magistrate Judge King

**RESIDENT,**

        Defendant.

**ORDER AND**
**REPORT AND RECOMMENDATION**

    Plaintiff, who is proceedings without the assistance of counsel, seeks to bring this civil action without prepayment of fees or costs.

    Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid.

    However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court concludes that the action should be dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and as frivolous.

    The *Complaint* consists of 30 pages enumerating hundreds of items allegedly stolen from plaintiff over the course of decades. The *Complaint* does not identify the defendant, does not allege the basis for this Court's subject matter jurisdiction, and does not contain a short and plain statement of the claim showing that plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather, the

1

allegations in the *Complaint* are delusional and wholly incredible.

A complaint may be dismissed as frivolous when it fails to assert a claim having a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). The *Complaint* filed in this action is legally frivolous.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and as frivolous. *See* 28 U.S.C. § 1915(e).

It is **FURTHER RECOMMENDED** that the Court find that there is no good ground to appeal from the judgment entered in this action.  *See* 28 U.S.C. § 1915(a).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that

2

"failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

August 28, 2015